**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| **CHURCH OF JESUS CHRIST OF** | ) | |
| **LATTER-DAY SAINTS**, *et al* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-cv-3392-TSC |
| | ) | |
| **R. CRAIG LAWRENCE**, *Assistant United* | ) | |
| *States*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

*Pro se* Plaintiff Xiu Jian Sun brings this action on his own behalf and purports to also bring it on behalf of the Church of Jesus Christ of Latter-Day Saints.  Sun names numerous current or former Assistant United States Attorneys as Defendants.  The Complaint does not contain any citations to common law or statutory theories.  Nor does it contain any factual allegations.  Rather, Sun quotes what appear to be Biblical versus about stealing, lying, and offending, as the basis for demanding a jury trial "with god's [sic] law."  Compl. at ECF p. 4.

"The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers."  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of the District of Columbia,* 679 F.2d 931 (D.C. Cir. 1982); *Haines v. Kerner,* 404 U.S. 519 (1972)).  However, this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert."  *Jarrell*, 656 F. Supp. at 239

(citations omitted).  Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alterations omitted).  Plaintiff must assert enough facts to give the defendant "fair notice of the claim being asserted so as to permit the [defendant] the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable."  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted).

Sun's Complaint does not meet the Rule 8 pleading standard.  The complaint does not establish a legally cognizable basis for his claims or the basis for the court's jurisdiction. Thus, Sun has not given the Defendants "fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  Therefore, by separate order, the court will dismiss the complaint without prejudice.

Date:  January 10, 2022

_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge